DAVID A. HUBBERT
Deputy Assistant Attorney General

JEREMY N. HENDON
CHRISTIAN MEJIA
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-2466
Telephone: (202) 305-7548
Facsimile:  (202) 307-0054
Jeremy.Hendon@usdoj.gov
Christian.Mejia@usdoj.gov
Western.TaxCivil@usdoj.gov

BLAINE WELSH
Civil Chief
United States Attorney's Office
District of Nevada
*Of Counsel*

*Counsel for the United States*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>     Plaintiff, )<br>  )<br>v. )<br>  )<br>M. DAVID FESKO, )<br>  )<br>     Defendant. )<br>  ) | Case No. 2:20-cv-00367-APG-EJY<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to F.R.C.P. 26(f) and L.R. 26-1, counsel for the parties held a Discovery Conference on May 5, 2023.  Plaintiff United States and Defendant Taylor Waite, the Special Administrator of the Estate of M. David Fesko (collectively, the "Parties"), through their

counsel, conducted a Rule 26(f) conference on May 5, 2023, and hereby submit their Stipulated Discovery Plan and Scheduling Order pursuant to F.R.C.P 16 and 26, as well as L.R 16-1 and 26-1.

**L.R. 26-1(b) Applicable Deadlines**

(1) <u>Discovery Cut Off Date</u>. The defendant filed an Answer in this matter on April 7, 2023. 180 days from April 7, 2023 is October 4, 2023. Rather than a discovery cut off date of October 4, 2023 as contemplated in L.R. 26-1(b)(1), the Parties request an approximately 180-day extension up-to-and-including **April 1, 2024**. The Parties agree and contend that such an extension is merited because of the complexity of the case and the fact that the assessed accountholder, M. David Fesko, is deceased. In addition to the potential challenge of locating relevant documents and witnesses without the aid of the deceased accountholder, foreign discovery may be necessary since the crux of the case involves the formation of foreign entities, opening of foreign financial accounts in the name of those foreign entities, and use of those foreign financial accounts. Additionally, expert testimony may be necessary, and the extended discovery period allows for the exchange of expert reports, as well as all fact and expert discovery.

(2) <u>Amending the Pleadings and Adding Parties</u>. Motions to amend pleadings and motions to add Parties shall be made 90 days before the close of discovery, i.e., **January 2 2024**.

(3) <u>Expert Witness Disclosures</u>. The disclosure of any expert witnesses shall be no later than: **January 16, 2024**. The disclosures of any rebuttal experts shall be no later than: **March 4, 2024**. The requirements of F.R.C.P. 26(a)(2)(B) shall apply to any such disclosures. The extension of time is needed for the Parties to have sufficient time to find and retain rebuttal experts, and procure the necessary rebuttal disclosures, should it become necessary if they have not otherwise retained an expert witness.

(4) <u>Dispositive Motions</u>.  Dispositive motions shall be filed no later than 30 days after the discovery cut-off date: **May 1, 2024.**

(5) <u>Pretrial Order</u>.  The Joint Pretrial Order (including F.R.C.P. 26(a)(3) disclosures by the Parties) shall be filed no later than 30 days after the Dispositive Motion Deadline: **May 31, 2024**.  However, in the event that dispositive motions are filed, the date for filing the Joint Pretrial Order (including F.R.C.P. 26(a)(3) disclosures by the Parties) shall be suspended until 30 days after a decision on the dispositive motions or further order of the Court.  Also, once the Parties' F.R.C.P. 26(a)(3) disclosures are made, the Parties' objections, if any, to the disclosures shall be made no later than 14 days after the disclosures are made in conformity with F.R.C.P. 26(a)(3)(B).

(7) <u>Alternative Dispute Resolution</u>. The Parties certify that prior to the May 5, 2023 conference, counsel had been involved in extensive global settlement discussions that would have resolved not only the liabilities at issue in this case, but all IRS liabilities owed by M. David Fesko.  Those discussions culminated in a settlement conference, convened on two different dates, in M. David Fesko's bankruptcy case in the United States Bankruptcy Court for the District of Nevada.  A global settlement could not be reached.  As a result of those discussions, the Parties agree that a decision about ADR should be deferred.  The Parties will continue to discuss settlement and can request a settlement conference at a later date if necessary.

(8) <u>Alternative Forms of Case Disposition</u>. The Parties certify that their counsel also met and conferred regarding trial by a magistrate judge under 28 U.S.C. § 636(c) and F.R.C.P. 73 and the use of the Short Trial Program (General Order 2013-01).  The Parties do not consent to trial by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Additionally, the Parties do not consent to using the Short Trial Program pursuant to General Order 2013-01.

**FRCP 26(f)(3) Discovery Plan**

(A) The Parties shall make their initial disclosures 42 days from the date of the Rule 26(f) conference - on or before **June 16, 2023**. The extension of time is necessary due to the Parties' counsels' travel and work schedules.

(B) The Parties shall conduct discovery on all claims and affirmative defenses pursuant to the Federal Rules of Civil Procedure. Discovery will include interrogatories, requests for production of documents, requests for admission, depositions, and third-party subpoenas. Discovery does not need to be conducted in phases or limited or focused on particular issues.

(C) There are no anticipated issues as to disclosure, discovery, or preservation of electronically stored information.

The Parties do not anticipate that their claims or defenses will involve extensive electronically stored information ("ESI"). To the extent ESI exists, the Parties have agreed to preserve their respective information, both paper and email, and have identified possible custodians. The United States is preserving the IRS's file associated with its assessment of the civil willful FBAR penalties at issue in this case. Defendant has requested that John Fesko preserve responsive emails and documents, including but not limited to, his assistance with filing amended federal income tax returns for M. David Fesko for tax years 2007 through 2010 and the IRS's subsequent examination of those amended income tax returns and M. David Fesko's failure to file FBARs.

The Parties agree that the following categories of electronically stored information need not be preserved: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; (3) on-line access data such as temporary internet files, history, cache, cookies, and the like; (4) data in metadata fields that are frequently updated automatically, such as last-opened dates; (5) back-up data that are substantially duplicative of data that are more accessible elsewhere; (6) server, system, or network logs; (7)

data remaining from systems no longer in use that is unintelligible le on the systems in use; and (8) electronic data (e.g. emails, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

      The Parties agree to produce information in PDF format, unless the need arises for an alternative production format, at which point the Parties will discuss other forms of production.

      (D)   There are no known issues as to claims of privilege or protection. The Parties agree that claims of privilege shall be made on privilege logs and that there is no need for a Fed. R. Evid. 502(d) order.

      (E)   No changes should be made in the limitations of discovery imposed under Federal Rules of Civil Procedure or local rules.

      (F)   There are no other issues that the court should consider at this time.

Dated: May 22, 2023.

DAVID A. HUBBERT
Deputy Assistant Attorney General

| /s/ Christian Mejia | /s/ Steven B. Skow |
|---|---|
| JEREMY N. HENDON | Steven B. Skow |
| CHRISTIAN MEJIA | Daniel G. Skow |
| Trial Attorneys, Tax Division | KING SCOW KOCH DURHAM LLC |
| U.S. Department of Justice | 11500 S. Eastern Ave., Suite 210 |
| | Henderson, Nevada 89052 |
| BLAINE WELSH | |
| Civil Chief | *Attorneys for Taylor Waite, Special* |
| United States Attorney's Office | *Administrator for the Estate of* |
| District of Nevada | *M. David Fesko* |
| *Of Counsel* | |
| *Attorneys for the United States of America* | |

## SCHEDULING ORDER

After full consideration of the above, the Court hereby orders that the Discovery Plan and Scheduling Order shall be the Scheduling Order of this Court.

**IT IS SO ORDERED.**

DATED:  May 22, 2023

_____
THE HONORABLE ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE